## PETITION OF RINDGE.

It is not necessary that an order of notice upon a petition filed in term-time to discontinue a highway should be returnable to the next term; the court has authority to make it returnable during an existing term.

PETITION of the town of Rindge for the discontinuance of a highway, entered on the first day of the April trial term, 1874. An order of notice was issued by order of the court, returnable May 9, 1874, for publication in the *Cheshire Republican* three weeks successively before May 9, and to be served personally upon one of the original petitioners for said highway fourteen days at least before May 9. Notice was given pursuant to the order. Upon the return day the original petitioners appeared specially, and moved to dismiss the petition for want of proper notice, which the court *pro forma* refused, and said original petitioners excepted.

*Woodward & Wellington*, for Rindge.

*Wheeler & Faulkner*, for the original petitioners.

The provisions of the statute, relative to the notice to be given upon petitions respecting highways pending in the supreme court, are as follows:

Sec. 2, ch. 63, Gen. Stats., provides that, when a petition for laying out or altering a highway shall be filed in the clerk's office, " the clerk shall issue an order of notice, with a copy of the petition, returnable to the next term of the court." Sec. 1, ch. 65, Gen. Stats., provides that highways extending beyond the limits of a town " may be discontinued on a petition to the supreme court, and like proceedings thereon

as in laying out highways." Sec. 2, same chapter, provides that, if the highway was not laid out by the selectmen, it "shall not be discontinued without the consent of the court." This statute does not in terms prescribe what notice shall be given upon a petition for the discontinuance of such highway; it only provides that it shall not be discontinued without the consent of the court.

Rule of court 68 provides that petitions for discontinuance of highways "may be entered in the clerk's office at least thirty days before the commencement of the term; and an order of notice must be taken for a publication in some newspaper, to be designated by the clerk, at least three successive weeks before the term." In cases of petitions for laying out or altering highways, the order of notice is returnable at the next term of the court; and this rule holds good, whether the petition was, as in this case, filed in term-time or in vacation. In the case of a petition for discontinuance of a highway extending beyond the limits of the town, like proceedings as in laying out highways must be had thereon, the same notice, and the same reference to the county commissioners. Rule 68 prescribes the preliminary steps to be taken in all cases of petitions for discontinuance. In adopting this rule, it was evidently the intention of the court to secure uniformity of action upon all petitions respecting highways; and to provide that no action should be taken at any term of the court, unless the petition had been entered at least thirty days before the commencement of that term, and the order of notice had been published three successive weeks before that term.

No good reason can be suggested why the rule which obtains in regard to all other cases of petitions in the supreme court respecting highways should be departed from in the solitary instance of a petition for the discontinuance of a highway not laid out by the selectmen. We should naturally expect, in a case not provided for by the statute, that the court would conform its practice to that prescribed by the statute in cases of a similar character; and an examination of the language of the rule leaves no room for doubt that such was its intention.

The context shows that the phrase in the rule "may be entered" is equivalent to the phrase "must be entered," inasmuch as, otherwise, the provision that "an order of notice must be taken" for publication three successive weeks "before the term" would be idle.

HIBBARD, J. It was decided in the last preceding case that an order of notice upon a petition for laying out or altering a highway must in all cases be made returnable to the next term of the court. It was shown, in the opinion which was delivered in that case, that the general authority of the court, under sec. 18, ch. 207, Gen Stats., to determine what notice shall be given upon petitions, does not extend to petitions for laying out or altering highways, for the reason that the notice to be given in such cases is expressly prescribed in sec. 2, ch. 63.

Provision is made, by sec. 1, ch. 65, for the discontinuance of highways "on petition to the supreme court and like proceedings thereon,

as in laying out highways;" and the original petitioners contend that the effect of the words "like proceedings thereon" is, to require the same notice in the former case that the statute prescribes in the latter. We think, however, that this is not the true construction. The only statutory provision respecting notice of laying out highways is that prescribed in sec. 2, ch. 63, which is, that notice shall be given to the towns through which they may pass twenty-eight days before the next term of the court, and that is inapplicable to petitions for a discontinuance. It must, therefore, be held, that the order in this case for notice by publication, and by personal service upon one of the original petitioners, was authorized under sec. 18, ch. 207, if it was authorized at all, as it clearly was under that section, if the question is not affected by any other statutory provision.

It may be supposed to have been because it was understood that the notice to be given upon petitions for a discontinuance was not fixed by any statute that the sixty-eighth rule of court was established, which, as it requires such petitions to be "entered in the clerk's office at least thirty days before the commencement of the term," and provides for an order of notice by publication "at least three successive weeks before the term," must be construed as not authorizing such a notice to be made returnable during an existing term. But the sixty-eighth rule was virtually suspended by the presiding judge, who was authorized to make a special rule in this case exempting it from the operation of the ordinary general rule. *Deming* v. *Foster*, 42 N. H. 179; *Eastman* v. *Amoskeag Manf'g Co.*, 44 N. H. 154; *Kimball* v. *Marshall*, *ib*. 466.

When the sixty-eighth rule was established, and down to the enactment of the General Statutes, the provision for "like proceedings thereon as in laying out highways," upon which the original petitioners rely, did not exist, and petitions for a discontinuance clearly came within the authority vested in the court by sec. 20, ch. 186, Rev. Stats., which was reënacted in sec. 18, ch. 207, Gen. Stats.; and we find nothing in the General Statutes to indicate that the legislature, in enacting them, intended to take from the court any authority it previously had respecting highway petitions by virtue of sec. 20, ch. 186, Rev. Stats.

No reason occurs to us why the power of the court to make an order of notice returnable during an existing term should not be the same upon a petition to lay out or alter as to discontinue a highway; but the language which the legislature has seen fit to use constrains us to hold that the notice required in the two cases is not the same.

The motion to dismiss was therefore rightly denied.

*Exception overruled.*